UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )   | |
| ) | |
| v.                                   ) | Case No. 15-cr-10018-LTS |
| ) | |
| JOSE LUIS GUERRERO-SOTO,  ) | |
| ) | |
| Defendant.                      ) | |

ORDER ON MOTION TO VACATE CONVICTION
UNDER 28 U.S.C. § 2255 (DOC. NO. 22)

January 18, 2017

SOROKIN, J.

Jose Luis Guerrero-Soto pled guilty to unlawful re-entry of a deported alien on March 5, 2015 pursuant to a negotiated plea agreement. Doc. No. 12; see Guilty Plea Tr. at 7-8.[1] The agreement between the government and Guerrero-Soto contained two terms relevant to the matter now pending. First, the parties agreed to recommend a sentence of incarceration at the low end of the guidelines range as calculated by the United States Probation Office after a presentence report ("PSR") was prepared, to be followed by twenty-four months of supervised release. Guilty Plea Tr. at 8-9. Second, Guerrero-Soto waived his right to appeal or to make any post-conviction challenge to his plea or his sentence, except that his right to raise counsel-ineffectiveness claims was preserved. Id. at 9.

On June 1, 2015, consistent with the terms of the negotiated agreement, this Court sentenced Guerrero-Soto to thirty-seven months incarceration, followed by twenty-four months

---

[1] The transcripts to which the Court cites herein are rough copies provided for purposes of this Order. As such, page cites may differ slightly from the final version of the transcripts, due to the addition of cover and index pages.

of supervised release.  Doc. No. 16; <u>see</u> Sentencing Tr. at 2-3 (noting the parties agreed with the PSR's calculated guideline range of thirty-seven-to-forty-six months).  When he addressed the Court during his sentencing hearing, Guerrero-Soto expressed no confusion or dissatisfaction with the thirty-seven-month sentence imposed, nor with his counsel's representation.  Sentencing Tr. at 5-6; <u>see also</u> Guilty Plea Tr. at 5-7 (reflecting assurances by Guerrero-Soto that his "mind [was] clear," that he was satisfied with his attorney's representation, and that he had reviewed the entire written plea agreement).  Judgment entered on June 11, 2015.  Doc. No. 20.

Just over a week after his sentencing, Guerrero-Soto sent a letter to the Court raising concerns about the effectiveness of his defense counsel.  Doc. No. 17.  Specifically, Guerrero-Soto claimed his lawyer promised a sentence of twenty-four months, engaged in no further discussion of the case, failed to appear with Guerrero-Soto for his presentence interview, and neglected to correct unspecified "errors" in the PSR.  Doc. No. 22.  The Court ordered that the letter – written in Spanish – be translated, treated it as a motion to vacate Guerrero-Soto's conviction under 28 U.S.C. § 2255, and ordered defense counsel to respond to the allegations it contained.  Doc. No. 18.  Defense counsel denied having promised a specific sentence, and explained that the only "error" Guerrero-Soto noted in the PSR was a misunderstanding of the use of the term "John Doe," which counsel stated he had explained to Guerrero-Soto (and mentioned to the Court at sentencing).  Doc. No. 24.

Post-conviction relief pursuant to § 2255 is an extraordinary remedy, available only to a defendant who makes "a sufficient showing of fundamental unfairness."  <u>Singleton v. United States</u>, 26 F.3d 233, 236 (1st Cir. 1994).  Federal habeas relief is available to Guerrero-Soto only if his sentence was imposed in violation of the Constitution or laws of the United States, was imposed by a court which lacked jurisdiction over the criminal charge, exceeded the maximum

penalty authorized by law, or otherwise is subject to collateral attack.  See David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (describing limited nature of § 2255 relief).  Guerrero-Soto bears the burden of establishing that he is entitled to relief.  Id.

To make out a claim of counsel ineffectiveness warranting relief under § 2255, a defendant "must show both deficient performance by counsel and resulting prejudice."  Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010); accord Strickland v. Washington, 466 U.S. 668, 687 (1984).  Deficient performance is shown where "counsel's representation fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  Prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  Where a defendant advances a counsel-ineffectiveness claim after pleading guilty, Strickland's prejudice requirement means he "must show that there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Even assuming the truth of Guerrero-Soto's factual account and, thus, the deficiency of counsel's performance, Guerrero-Soto's challenges to his lawyer's effectiveness fail for at least two reasons.  First, notably absent from Guerrero-Soto's letter is an assertion that "he would not have pleaded guilty and would have insisted on going to trial" had he known he would receive a thirty-seven-month sentence (or had his counsel communicated with him more, or had his counsel appeared for his presentence investigation, or had his counsel objected to some aspect of the PSR).  As such, Guerrero-Soto has not met his burden of establishing the prejudice prong of the Strickland standard.  Hill, 474 U.S. at 59.

Second, during his guilty plea hearing, Guerrero-Soto assured the Court, under oath, that he had "fully discussed the charges against [him] and the facts and circumstances of [his] case with" his lawyer, that he was "fully satisfied with the counsel, representation, and advice given to [him] in this case by" his lawyer, and that he had read the entire plea agreement and discussed it with his lawyer before signing it.  Guilty Plea Tr. at 5-7.  After the Court summarized the terms of the agreement – including explaining that the parties agreed that the applicable offense level for purposes of the Sentencing Guidelines was nineteen, and further agreed that they would "recommend incarceration at the low end of the guideline sentencing range ***and*** 24 months of supervised release," id. at 8-9 (emphasis added) – Guerrero-Soto affirmed, under oath, that he understood the terms of the agreement, and that no additional promises had been made to him by anyone with respect to his plea, id. at 10-11.  He was further advised, and confirmed his understanding, that the Court was empowered to impose a sentence of up to twenty years in prison, and that the applicable guideline range would not be finally determined until after the PSR was completed.  Id. at 12-14.

Moreover, Guerrero-Soto agreed that he was guilty of the charged offense, id. at 11, and he agreed with the government's recitation of the factual basis for the plea, id. at 18-19.  At no time during his guilty plea hearing or his sentencing did Guerrero-Soto assert that he expected a twenty-four-month sentence, nor did he otherwise express concerns about his plea, his sentence, or his lawyer's representation.

A defendant is bound by the statements he makes under oath at a guilty plea hearing. See, e.g., United States v. Gates, 709 F.3d 58, 69-70 (1st Cir. 2013).  Here, Guerrero-Soto stated, under oath, that he understood his plea agreement to require the parties to recommend a sentence at the low end of the applicable guidelines range.  That is precisely what the parties

recommended, and the Court adopted that recommendation.  Guerrero-Soto cannot now claim

that his expectation otherwise amounts to a constitutional violation.  Moreover, he has not

identified any aspect of the presentence investigation or any error in the PSR that would have

yielded a different guideline range, nor has he averred that he was not, in fact, guilty of the

relevant offense.

Accordingly, Guerrero-Soto's motion to vacate his conviction under § 2255 (Doc. No.

22) is DENIED.[2]  Because he has not "made a substantial showing of the denial of a

constitutional right," see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[2] To the extent Guerrero-Soto wished to present an additional claim of counsel ineffectiveness based on counsel's failure to file a timely appeal, see Doc. No. 46, such a claim would be meritless as well.  Through his guilty plea agreement, Guerrero-Soto waived his right to appeal with only a limited exception for counsel-ineffectiveness claims.  Guilty Plea Tr. at 9, 15; Sentencing Tr. at 8.  The Court found then, and affirms now, that Guerrero-Soto's waiver of his right to appeal was knowing and voluntary, and the record presents no reason to believe that enforcement of the waiver would work a miscarriage of justice.  See United States v. Teeter, 257 F.3d 14, 24-26 (1st Cir. 2001).  The only claim Guerrero-Soto has attempted to raise is one of counsel's alleged ineffectiveness.  Such claims generally are not properly raised on direct appeal, but are considered and resolved in the context of a § 2255 petition, as has been done here.  See United States v. De-La-Cruz Castro, 299 F.3d 5, 15 (1st Cir. 2002).